IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FREDERICK PINKSTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-0980 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Trauger |
| | ) | |
| Respondent. | ) | |

<u>MEMORANDUM OPINION</u>

Before the court is movant Frederick Pinkston's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (DE #1.) In his petition, Pinkston asserts that he is entitled to resentencing because the calculation of the applicable sentencing guidelines range in his case violated the Sixth Amendment, as interpreted by the United States Supreme Court in the recent case of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

The court examined the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, and directed the United States Attorney for this judicial district to file an answer, plead, or otherwise respond to the motion in conformity with Rule 5 of the Rules Governing Section 2255 Proceedings. The United States has filed its response in opposition to Pinkston's motion (DE #8), in which it asserts that (1) Pinkston waived his ability to bring a collateral challenge to the sentence imposed pursuant to the binding plea agreement except on the basis of claims of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel, which have not been raised in this case; (2) Pinkston's motion is untimely, as it was filed well over one year after his judgment of conviction became final, and the rule established in *Alleyne* was not made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3); and (3) even if consideration on the merits were permitted, *Alleyne* does not authorize relief in his case.

As set forth herein, the Court finds the government's arguments in response to the § 2255 motion to be meritorious, and will deny Pinkston's motion for relief under § 2255.

### A.     Plea Agreement

The plea agreement in the underlying criminal case, attached to Pinkston's petition to enter a plea of guilty (Case No. 3:09-cr-0161, DE #70, at 7), incorporated an agreed sentence of 188 months in the custody of the United States Bureau of Prisons. (Plea Agreement, ¶ 11.) The plea agreement also includes an express waiver of appellate rights, pursuant to which Pinkston agreed as follows:

> Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to pled guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the Recommended Guidelines Range. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal the sentence, or to challenge the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel.

(*Id.* ¶ 16.)

It is well established that a criminal defendant may lawfully waive any right, statutory or constitutional, in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary. *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) (citation omitted). The Sixth Circuit has specifically held that the waiver of the right to bring a collateral challenge to a sentence under § 2255 is barred where the waiver is entered "knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). A valid waiver bars a defendant from bringing "any type of claim not excluded by the agreement." *United States v. Brice*, 373 F. App'x 561, 562 (6th Cir. 2010) (citing *Davila*, 258 U.S. at 451).

In the present case, Pinkston waived his right to bring a collateral challenge to his sentence except on the basis of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. He does not allege that one or more of these circumstances apply here. Moreover, the record as a whole and the circumstances surrounding the waiver clearly support a finding that the waiver in this case was knowing and voluntary.

Accordingly, Pinkston is barred by the language of his plea agreement from contesting his sentence under § 2255.

**B.      Timeliness**

Even if Pinkston had not waived the right to bring this challenge, his motion is barred by the statute of limitations found in 28 U.S.C. § 2255(f)(1), which provides that a motion for post-conviction relief under § 2255 is generally subject to a one-year time limitation that runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003). The judgment in Pinkston's case was entered on January 5, 2010 (Case No. 3:09-cr-0161, DE # 71) and, because no direct appeal was pursued, became final 14 days later, on January 19, 2010. *See* Fed. R. App. P. 4(b)(1)(A)(i). Pinkston's motion, filed more than three years later, is untimely under § 2255(f)(1).

Pinkston, implicitly acknowledging that his motion is untimely under that provision, argues that § 2255(f)(3) applies instead,[1] and that his motion is timely because it was filed within one year after the Supreme Court issued the decision in *Alleyne*. In that case, the Supreme Court held that any fact increasing the mandatory minimum sentence for a crime is an "element" of that crime, not a sentencing factor, and therefore, the "element" must be submitted to the jury for determination. As the Sixth Circuit has recognized, "[t]he analysis of *Alleyne* springs from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), where the Court held the Sixth Amendment requires any fact that increases the penalty for a crime beyond the prescribed statutory maximum sentence, other than the fact of a prior conviction, must be submitted to the jury and proved beyond a reasonable doubt." *United States v. Mack*, 729 F.3d 594, 606–07 (6th Cir. 2013).

Although *Alleyne* did indeed announce a new rule of law, *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013), it is not retroactively applicable to cases on collateral review. Generally, if the Supreme Court announces a new rule of law, the new rule applies to all cases still pending on direct review, but not to convictions that are already final except "in limited circumstances." *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004). Those limited circumstances include the announcement of: (1) new rules of substantive law, such as those that "that place particular conduct or persons covered by the statute beyond the State's power to punish," and (2) new "watershed rules of criminal procedure

---

[1] Pinkston suggests that the *Alleyne* decision may alternatively implicate § 2255(f)(4), but that provision pertains to "the discovery of new facts, not newly-discovered law." *Phillips v. United States*, --- F.3d ----, 2013 WL 5878229, at *5 (6th Cir. Nov. 4, 2013). Section 2255(f)(4) has no application here.

implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 352 (citations and internal quotation marks omitted).

*Alleyne* does not fit within either exception, first because it announces a procedural rather than a substantive rule. *See Alleyne*, 133 S. Ct. at 2164 (Sotomayor, J., concurring) (explaining that the Court's decision was consistent with principles of *stare decisis* in part because *Alleyne* was a case where "procedural rules are at issue that do not govern primary conduct"); *id.* at 2173 n.* (Alito, J., dissenting) (agreeing that *Alleyne* involves a procedural rule that does not govern primary conduct).

Second, *Alleyne* does not announce a "watershed" rule of criminal procedure. The Supreme Court has noted that "[t]his class of rules is extremely narrow, and it is unlikely that any has yet to emerge." *Schriro*, 542 U.S. at 352 (internal quotation marks and alterations omitted). Even assuming such cases exist, every court to consider the issue has concluded that *Alleyne* does not qualify, as it provided only a limited modification to the Sixth Amendment rule announced in *Apprendi*. As the Seventh Circuit recently explained, *Apprendi* itself and the subsequent rulings applying and extending *Apprendi* have not been applied retroactively: "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare *Alleyne* to be retroactive." *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (citations omitted). Regardless, the decision whether to make *Alleyne* retroactive rests solely with the Supreme Court, and it has not chosen to do so. *Cf. Simpson*, 721 F.3d at 876 ("Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review [based on *Alleyne*]. . . .").

In sum, because the Supreme Court has not chosen to make *Alleyne* apply retroactively to cases on collateral review, Pinkston's petition is not timely and is barred by the statute of limitations set forth in in 28 U.S.C. § 2255(f)(1).

**C.    Merits**

Even if *Alleyne* had retroactive application, it would not provide relief in this case. *Alleyne* held that any fact, other than the fact of a prior conviction, that increases the statutory maximum or the statutory minimum must be found by a jury or admitted by the defendant. *Alleyne*, 133 S. Ct. at 2163–64 (overruling *Harris v. United States*, 536 U.S. 545 (2002)); *see United States v. Yancy*, 725 F3d 596, 599

(6th Cir. 2013).

In Pinkston's case, he admitted the facts that were relied upon at sentencing, as part of the plea petition and plea agreement, including the facts that he intended to purchase three kilograms of cocaine and that he possessed a gun at the time of the drug-trafficking offense. (Plea Agreement ¶ 8, at 5.) *Alleyne* therefore has no application. *Cf. Yancy*, 725 F.3d at 601 ("Because Alleyne did not involve the effect of a defendant's admission of the facts necessary for an aggravated crime, it leaves undisturbed our cases deeming such admissions fatal to *Apprendi* claims. These cases recognize that, when a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial, no *Apprendi* problem arises." (internal citations omitted)).

Moreover, Pinkston was found to be a career offender, so those factual findings ultimately had no bearing on his applicable total offense level. To the extent Pinkston's motion also seeks to challenge his characterization at sentencing as a career offender, the motion is untimely for the reasons set forth above, and it is also without substantive merit. Pinkston was classified as a career offender on the basis of two prior convictions, including one for possession with intent to sell or deliver 0.5 grams or more of cocaine. The sentencing guidelines define a "controlled substance offense" for purposes of determining whether a person qualifies as a career offender as any drug-related "offense under federal or state law, punishable by imprisonment for a term exceeding one year. U.S.S.G. § 4B1.2(b). In other words, the drug offense at issue did not need to be "serious"; it only needed to be punishable by a term exceeding one year. There is no dispute that Pinkston's prior drug-related offense was a felony as that term is defined by Tennessee law, and as such was punishable by more than one year in prison, regardless of the actual term received for that conviction. *United States v. Pruitt*, 545 F.3d 416, 419 (6th Cir. 2008)

**D.    Conclusion**

For the reasons set forth herein, Pinkston's motion under § 2255 will be denied.

_____
Aleta A. Trauger
United States District Judge